Filed 5/4/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 90

Kevin Pifer, Plaintiff and Appellee

v.

Barbara McDermott, Defendant and Appellant

No. 20110287

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lawrence E. Jahnke, Judge.

DISMISSED.

Opinion of the Court by Sandstrom, Justice.

Roger J. Minch, 10 Roberts Street, P.O. Box 6017, Fargo, N.D. 58108-6017, for plaintiff and appellee.

DeWayne A. Johnston, 221 South Fourth Street, Grand Forks, N.D. 58201, for defendant and appellant.

Pifer v. McDermott

No. 20110287

Sandstrom, Justice.

[¶1] Barbara McDermott appeals from a partial summary judgment after the district court concluded her mother, Dorothy Bevan, validly gifted Kevin Pifer an option to purchase land.  We dismiss McDermott’s appeal, concluding the district court abused its discretion in directing entry of a final judgment under N.D.R.Civ.P. 54(b).

 

I

[¶2] On January 17, 2001, Bevan executed a durable power of attorney in favor of Pifer, a distant relative.  Thereafter, Pifer assisted Bevan with managing her farmland and performing other miscellaneous tasks.  On February 16, 2004, Bevan executed a purchase option agreement, granting Pifer the option to purchase a tract of land for $107,569, exercisable by Pifer “at any time within two years following [Bevan’s] death.”  Bevan’s attorney drafted the agreement.  The purchase option price was less than fair market value at the time the parties executed the agreement in 2004, and it provided, “[T]his agreement is binding upon the parties, their heirs and estates, and successors.”  Pifer recorded the purchase option on February 18, 2004.

[¶3] On October 22, 2009, Bevan executed a warranty deed to the same property, creating a joint tenancy with the right of survivorship with McDermott.  On June 24, 2010, Bevan died.  On July 27, 2010, Pifer recorded a notice of intent to exercise his purchase option.  On September 8, 2010, Pifer’s attorney sent a letter to McDermott’s attorney, explaining Pifer’s intention to exercise the purchase option and enclosing a cashier’s check for the purchase amount.  McDermott rejected the cashier’s check, questioning Bevan’s capacity to execute the purchase option agreement in 2004 and seeking verification that the purchase option had been conveyed with consideration.

[¶4] Pifer sued McDermott, seeking specific performance of the purchase option.  Pifer also claimed intentional interference with economic advantage as a result of McDermott’s rejection of his attempt to exercise the purchase option.  McDermott counterclaimed, alleging the purchase option was void for lack of consideration or voidable because its terms were unconscionable.  She also alleged that Bevan’s death resulted in a material alteration of the purchase option agreement and that Pifer, acting in his capacity as Bevan’s power of attorney, obtained the purchase option by undue influence, coercion, misrepresentation, fraud, breach of trust, breach of fiduciary duty or self-dealing, and theft.

[¶5] McDermott moved for summary judgment, arguing the purchase option agreement did not constitute a valid and enforceable contract, because it lacked consideration, it was merely a revocable offer, and it was voidable because Pifer had a durable power of attorney from Bevan at the time of its execution.  Pifer also moved for summary judgment, arguing the purchase option agreement was valid and enforceable.  The district court granted Pifer partial summary judgment, concluding the purchase option agreement was valid and enforceable.  In its judgment, the district court stated, “This Judgment shall be final for appeal purposes, and there is no just reason for delay within the meaning of Rule 54(b) N.D.R.Civ.P.”  The district court did not decide Pifer’s claim for intentional interference with economic advantage.

[¶6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  McDermott timely appealed from the partial summary judgment under N.D.R.App.P. 4(a).  We have jurisdiction over final judgments under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01, and a preliminary issue in this case involves the finality of a partial summary judgment.

 

II

[¶7] Before we consider the merits of McDermott’s appeal, we consider whether the district court appropriately directed entry of a final judgment under N.D.R.Civ.P. 54(b) without first deciding Pifer’s claim for intentional interference with economic advantage.

[¶8] “Rule 54(b), N.D.R.Civ.P., preserves [our] long[-]standing policy against piecemeal appeals.”  
Citizens State Bank v. Symington
, 2010 ND 56, ¶ 7, 780 N.W.2d 676.  “Upon requesting Rule 54(b) certification, the burden is upon the proponent to establish prejudice or hardship which will result if certification is denied.”  
Union State Bank v. Woell
, 357 N.W.2d 234, 237 (N.D. 1984).  “The trial court is to weigh the competing equities involved and take into account judicial administrative interests in making its determination whether or not to certify under the Rule.”  
Id.
  A N.D.R.Civ.P. 54(b) certification “should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship.”  
Citizens State Bank
, 2010 ND 56, ¶ 9, 780 N.W.2d 676.  “The purpose of our review ‘is to determine whether the case presents an “infrequent harsh case” warranting the extraordinary remedy of an otherwise interlocutory appeal.’”  
Bulman v. Hulstrand Construction Co., Inc.
, 503 N.W.2d 240, 241 (N.D. 1993) (quoting 
Gissel v. Kenmare Twp.
, 479 N.W.2d 876, 877 (N.D. 1992)).

[¶9] We “will not consider an appeal in a multi-claim or multi-party case which disposes of fewer than all claims against all parties unless the trial court has first independently assessed the case and determined that a Rule 54(b) certification is appropriate.”  
Woell
, 357 N.W.2d at 236.  “Even if the trial court does make the requisite determination under Rule 54(b), we are not bound by the court’s finding that ‘no just reason for delay exists.’”  
Id.
  “We will 
sua sponte
 review the court’s certification to determine if the court has abused its discretion.”  
Id.
  “A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law.”  
Citizens State Bank
, 2010 ND 56, ¶ 8, 780 N.W.2d 676.

[¶10] We have said a district court’s discretion must be measured against the “‘interest of sound judicial administration.’”  
Hansen v. Scott
, 2002 ND 101, ¶ 9, 645 N.W.2d 223 (quoting 
Curtiss-Wright Corp. v. General Elec. Co.
, 446 U.S. 1, 10 (1980)).  We have articulated a non-inclusive list of factors for a district court to consider in assessing a request for Rule 54(b) certification, which include:

“(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.”

Woell
, 357 N.W.2d at 238 (quoting 
Allis-Chalmers Corp. v. Philadelphia Elec. Co.
, 521 F.2d 360, 364 (3d Cir. 1975)).

[¶11] McDermott argues in her brief that “prejudice and undue hardship could result to [her] if certification [is] not granted because the essence of the entire case concerns the rightful ownership of real property.”  She argues she will lose her land if she is unable to appeal now and obtain a stay from execution on the judgment.  She also argues Pifer’s unadjudicated claim for intentional interference with economic advantage does not affect the district court’s entry of a partial summary judgment compelling the transfer of an interest in land.

[¶12] Pifer responds that he attempted unsuccessfully to have the district court address all of the claims before this appeal.  He argues there is no just reason for delay, however, because he needs to mitigate and minimize his damages in an attempt to prevent the loss of use of the property for another crop season.  He contends he lost the ability to erect grain bins on the land and the difference in rental income he could have received had he possessed the deed to the property during the 2011 crop season.

[¶13] In its partial summary judgment, the district court stated, “The Plaintiff may pursue any compensable damages he has suffered as a result of the Defendant’s refusal to honor the Purchase Option.  Trial on this issue shall be reserved until after the main issues in a separate but related case (18-2011-CV-000453) . . . have been resolved.”  It is unclear whether the district court’s reference in its judgment to “compensable damages” was an acknowledgment of Pifer’s claim for intentional interference with economic advantage.  If so, the district court’s partial summary judgment leaves Pifer’s claim for damages as the only claim left to be adjudicated.  At oral argument on appeal, however, McDermott’s attorney conceded the district court left “a host of issues” to be resolved.  Under any analysis, there are issues still to be resolved by the district court in this action.

[¶14] Our review of the district court’s decision to enter a final judgment under N.D.R.Civ.P. 54(b) is hindered because the court did not articulate the specific factors supporting its judgment, but rather only recited the language of the rule in its judgment.  The court stated, “This Judgment shall be final for appeal purposes, and there is no just reason for delay within the meaning of Rule 54(b) N.D.R.Civ.P.”  “[A] proper exercise of the trial court’s discretion under Rule 54(b) requires more than mere recital of the language of the Rule, and . . . the trial court should articulate in writing the reasons supporting its decision.”  
Woell
, 357 N.W.2d at 237-38.  The benefits to requiring such a statement from the district court is not only that “‘it will aid us in discharging our duty to review the district court’s exercise of discretion in issuing the certificate . . . but that it will aid the district judge himself.’”  
Id.
 at 238 (quoting 
Arlinghaus v. Ritenour
, 543 F.2d 461, 464 (2d Cir. 1976)).  “‘A decision[-]maker obliged to give reasons to support his decision may find they do not.’”  
Id.
 (quoting 
Arlinghaus
, 543 F.2d at 464).

[¶15] Under factor one of the non-inclusive factors a district court may consider in assessing a request for Rule 54(b) certification, there is a strong relationship between Pifer’s remaining claim for intentional interference with economic advantage and the already-adjudicated claims.  Pifer’s claim for intentional interference with economic advantage derives from the already-adjudicated claim, which sought to validate the purchase option agreement.  Had the district court ruled against Pifer on the validity of the purchase option agreement, Pifer’s claim for intentional interference with economic advantage would be moot because that claim is based on the premise he incurred damages as a result of McDermott’s conduct in illegally withholding the property from him.

[¶16] Furthermore, under factor three, there is a strong likelihood that an appeal will be taken after the unadjudicated claim is decided, which would present the same underlying factual circumstances as this appeal.  Because the unadjudicated claim is closely connected to the claim concerning the validity of the purchase option agreement, the district court likely will have to consider again the issue of the validity of the purchase option agreement when the unadjudicated claim is adjudicated.  Our review on appeal will be no different.

[¶17] Both Pifer and McDermott argue they will suffer hardship if we do not address the merits of this case.  The question, however, is whether this case presents “out-of-

the-ordinary circumstances or cognizable, unusual hardships to the litigants that will arise if resolution of the issues on this appeal is deferred.”  
Peterson v. Zerr
, 443 N.W.2d 293, 299 (N.D. 1989).  We conclude this case does not present those circumstances.  Instead, the claims arise “from the same series of transactions and occurrences,” they are “logically related legally and factually,” and they are “closely intertwined.”  
See
 
Janavaras v. Nat’l Farmers Union Prop. & Cas. Co.
, 449 N.W.2d 578, 581 (N.D. 1989); 
Woell
, 357 N.W.2d at 238-39.

[¶18] In 
Citizens State Bank
, 2010 ND 56, ¶ 15, 780 N.W.2d 676, we concluded a remaining claim and a claim on appeal involved separate transactions, the claim on appeal would always need to be resolved and would never be mooted by future developments in the district court, and the district court did not abuse its discretion in granting the N.D.R.Civ.P. 54(b) certification.  
See also
 
Symington v. Walle Mutual Ins. Co.
, 1997 ND 93, ¶ 8, 563 N.W.2d 400.  Conversely, in 
Woell
, 357 N.W.2d at 238-39, we concluded the two claims “arose from the same series of transactions and occurrences, [were] logically related legally and factually, and [were] closely intertwined.”  As a result, we concluded the district court improvidently granted a final judgment under N.D.R.Civ.P. 54(b).  
See
 
id.
 at 236.

[¶19] This case is more comparable to 
Woell
 than to 
Citizens State Bank
.  When we consider the merits in a case involving a N.D.R.Civ.P. 54(b) certification, we do so because the resolution of the issue on appeal will always need to be resolved and is separate from the issue left to be adjudicated.  
See
 
Citizens State Bank
, 2010 ND 56, ¶ 15, 780 N.W.2d 676; 
Walle Mut. Ins. Co.
, 1997 ND 93, ¶ 8, 563 N.W.2d 400.  In this case, however, although Pifer’s intentional interference with economic advantage claim has not been adjudicated, it derives from the issue on appeal, arises “from the same series of transactions and occurrences, [is] logically related legally and factually, and [is] closely intertwined.”  
Woell
, 357 N.W.2d at 238-39.

[¶20] McDermott presented no unusual or compelling circumstances to the district court that required certification of a judgment under N.D.R.Civ.P. 54(b).  
See
 
id.
 at 239.  “As previously stated, the burden is upon the party requesting 54(b) certification to establish that it will suffer prejudice or hardship if certification is denied.”  
Id.
  McDermott did not meet her burden, and this case is not an “infrequent harsh case” warranting our immediate review.  
See
 
Bulman
, 503 N.W.2d at 241 (quoting 
Gissel
, 479 N.W.2d at 877).

[¶21] We conclude the district court inappropriately certified the partial summary judgment under N.D.R.Civ.P. 54(b), and the court abused its discretion in directing entry of a final judgment.  
See
 
Woell
, 357 N.W.2d at 239.  Consequently, we do not reach the merits of McDermott’s appeal.  
See
 
id.
 at 236.

 

III

[¶22] We dismiss McDermott’s appeal and direct the district court to vacate that portion of its partial summary judgment certifying the judgment as final under N.D.R.Civ.P. 54(b).

[¶23] Dale V. Sandstrom

Carol Ronning Kapsner

Mary Muehlen Maring

John E. Greenwood, D.J.

Gerald W. VandeWalle, C.J.

[¶24] The Honorable John E. Greenwood, D.J., sitting in place of Crothers, J., disqualified.