2013 ND 16

Patricia R. CAPPS, f/k/a Patricia
Anderson, Terrel A. Anderson, a/k/a
Terral Anderson, Gerald C. Wools,
Penny Brinks, Michael Lee, Gwen
Hassan, Melissa Kellor, and the Es-
tate of Ruth A. Nelson, Deceased,
Plaintiffs.

Patricia R. Capps, f/k/a Patricia
Anderson, Terrel A. Anderson, a/k/a
Terral Anderson, Penny Brinks, Mi-
chael Lee, Gwen Hassan, and Melissa
Kellor, Appellees

v.

Colleen L. WEFLEN, a/k/a Colleen Wef-
len, a single woman, Marleen Weflen,
f/k/a Marleen W. Tiedt, Sharon Kruse,
a/k/a Sharon O. Kruse f/k/a Sharon
Weflen, a married woman dealing in
her sole and separate property, Cath-
erine Harris f/k/a Catherine Gunder-
son, a single woman, Norris Weflen,
a/k/a Norris L. Weflen, a single man,
Windsor Bakken, LLC, a Delaware
Limited Liability Company, Gulfport
Energy Corporation, and EOG Re-
sources, Inc., Defendants and Appel-
lants.

No. 20120184.

Supreme Court of North Dakota.

Jan. 29, 2013.

Zachary Evan Pelham (argued) and Patrick W. Durick (on brief), Bismarck, ND, for appellees Patricia Capps and Terrel Anderson.

David Justin Smith (argued) and Sheldon A. Smith (on brief), Bismarck, ND, for appellees Penny Brink, Gwen Hassan, Melissa Kellor, Michael Lee, and the Estate of Ruth A. Nelson.

Richard P. Olson (argued), Wanda L. Fischer (on brief) and Andrew Timothy Forward (on brief), Minot, ND, for appellants Catherine Harris f/k/a Cathy Gunderson, Sharon Kruse, Colleen Weflen, Marlene Weflen, and Norris Weflen.

Monte L. Rogneby (argued), Bismarck, ND, and James Lee Mowry (on brief), Stephen Thomas Throne (on brief), and Jacob T. Haseman (on brief) (not licensed

in ND), Throne Law Office, P.C., Sheridan, WY, for appellants Gulfport Energy Corporation and Windsor Bakken, LLC.

Amy Lynn De Kok (argued), Lawrence Bender (on brief), and Jillian Rene Rupnow (on brief), Bismarck, ND, for appellant EOG Resources Inc.

Matthew Arnold Sagsveen, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for amicus curiae.

CROTHERS, Justice.

[¶ 1] Colleen Weflen, Marleen Weflen, Sharon Kruse, Catherine Harris, Norris Weflen, Windsor Bakken, LLC, Gulfport Energy Corp. and EOG Resources, Inc., appeal a district court judgment vacating a previous order granting Weflens' motion for summary judgment, granting Capps' motion for summary judgment and finding Weflens had no claim to a one-half mineral interest reserved by Ruth Nelson in 1975. We dismiss Weflens' appeal, concluding the district court abused its discretion in directing entry of a final judgment under N.D.R.Civ.P. 54(b).

I

[¶ 2] In 1975, Ruth Nelson conveyed real property in Mountrail County, North Dakota, to Olav and Rose Weflen. Nelson reserved to herself one-half of the minerals in the property. In 1979, Nelson executed a mineral deed conveying her mineral interest to Patricia Capps and Terrel Anderson ("Capps"). Nelson's deed was not recorded until 2009. Colleen Weflen, Marleen Weflen, Sharon Kruse, Catherine Harris and Norris Weflen ("Weflens") are the current surface owners of the real property.

[¶ 3] In December 2005 and January 2006, the Weflens published a Notice of Lapse of Mineral Interest in the *Mountrail County Promoter* for three consecutive weeks. On January 13, 2006, the notice of lapse was mailed by certified mail, return receipt requested, with restricted delivery to the two last known addresses of Nelson. The addresses were obtained from the 1975 warranty deed from Nelson to Olav and Rose Weflen and from an oil and gas lease dated January 12, 1973. The two notices sent by mail were returned undelivered to the Weflens. Nelson died in 1983. No Statement of Claim of Mineral Interest was filed by or on behalf of Nelson within sixty days after the first publication of the notice of lapse. Capps filed a statement of claim on October 30, 2008. Capps brought suit to quiet title in the mineral interest on December 18, 2009.

[¶ 4] The district court granted Weflens' motion for summary judgment, quieting title of the disputed minerals in the Weflens. Subsequently, Gerald Wools, Penny Brink, Michael Lee, Melissa Kellor and Gwen Hassan ("Hassans") were joined as plaintiffs and then designated as defendants. Hassans claimed an interest to the minerals as heirs of Nelson. Weflens moved for summary judgment against Hassans. Capps requested the district court deny the motion and reconsider its prior order quieting title in Weflens. Upon reconsideration, the district court vacated its prior order granting Weflens' motion for summary judgment, granted Capps' motion for reconsideration and found as a matter of law Weflens had no claim to the one-half mineral interest. The district court entered a final judgment adjudicating fewer than all of the claims of the parties pursuant to N.D.R.Civ.P. 54(b), concluding, "Because the ancillary claims in this case depend upon final resolution of the dormant minerals dispute, the Court agrees there is no just reason to delay entry of judgment on the main claim."

[¶ 5] The following claims remain unadjudicated before the district court: (1)

Capps' claim against Hassans and Hassans' counterclaim against Capps disputing ownership of the one-half mineral interest reserved by Nelson, (2) Capps' claim against Whiting Oil and Gas Corp. and Whiting's counterclaim and crossclaim against Capps, Windsor Bakken, LLC and Gulfport Energy Co. disputing ownership of a 25 percent interest in a leasehold interest in the mineral rights of the land, (3) EOG's counterclaim against Capps asserting a leasehold interest in the mineral rights of the land and (4) Windsor's counterclaim disputing a leasehold interest in the mineral rights of the land.

## II

[¶ 6] Before reaching the merits of Weflens' appeal, we consider whether the district court appropriately directed entry of a final judgment under N.D.R.Civ.P. 54(b) without first deciding the ancillary claims. "We 'will not consider an appeal in a multi-claim or multiparty case which disposes of fewer than all claims against all parties unless the trial court has first independently assessed the case and determined that a Rule 54(b) certification is appropriate.'" *Pifer v. McDermott*, 2012 ND 90, ¶ 9, 816 N.W.2d 88 (quotation omitted). However, "[e]ven if the trial court does make the requisite determination under Rule 54(b), we are not bound by the court's finding that 'no just reason for delay exists.'" *Pifer*, at ¶ 9 (quotation omitted). "We will *sua sponte* review the court's certification to determine if the court has abused its discretion." *Id.* (quotation omitted). "A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Id.* (quotation omitted).

[¶ 7] According to Rule 54(b),

"If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

N.D.R.Civ.P. 54(b). "Rule 54(b), N.D.R.Civ.P., preserves our long-standing policy against piecemeal appeals." *Pifer*, 2012 ND 90, ¶ 8, 816 N.W.2d 88 (quotation omitted). "Upon requesting Rule 54(b) certification, the burden is upon the proponent to establish prejudice or hardship which will result if certification is denied." *Pifer*, at ¶ 8 (quotation omitted). The district court must "weigh the competing equities involved and take into account judicial administrative interests in making its determination whether or not to certify under the Rule." *Id.* (quotation omitted). "A N.D.R.Civ.P. 54(b) certification 'should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship.'" *Pifer*, at ¶ 8 (quotation omitted). Upon review, we determine "whether the case presents an 'infrequent harsh case' warranting the extraordinary remedy of an otherwise interlocutory appeal." *Id.* (quotation omitted).

[¶ 8] The district court's discretion is measured against the interest of

sound judicial administration. *Pifer*, 2012 ND 90, ¶ 10, 816 N.W.2d 88. The district court should consider the following nonexclusive list of factors articulated by this Court when assessing a request for Rule 54(b) certification:

"(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

*Pifer*, at ¶ 10 (quoting *Union State Bank v. Woell*, 357 N.W.2d 234, 238 (N.D.1984) (quoting *Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975))).

 [¶ 9] All of the parties in this case argue the district court properly granted Rule 54(b) certification and they agree the ownership of the disputed mineral interest must be resolved before various ancillary claims can be resolved. The parties generally rely on the district court's own reasoning. However, as in *Pifer*, our review of the district court's decision to enter a final judgment under Rule 54(b) is hindered "because the court did not articulate the specific factors supporting its judgment, but rather only recited the language of the rule in its judgment." 2012 ND 90, ¶ 14, 816 N.W.2d 88. Here, the district court provided the following:

"Because mineral interests are at issue in this case and most, if not all, of the minerals are subject to oil and gas leases, numerous counterclaims and cross-claims have been filed. The parties all urge that final resolution of the Dormant Mineral Act dispute should be reached before the ancillary claims are addressed, because the relationship between the dormant minerals dispute and the ancillary claims is such that resolution of the latter first requires resolution of the former. 'Under N.D.R.Civ.P. 54(b), the district court is authorized to enter a final judgment adjudicating fewer than all of the claims of all of the parties if the court expressly determines that there is no just reason for delay and expressly directs the entry of judgment.' *Brummund v. Brummund*, 2008 ND 224, ¶ 5, 758 N.W.2d 735.

"Because the ancillary claims in this case depend upon final resolution of the dormant minerals dispute, the Court agrees there is no just reason to delay entry of judgment on the main claim."

"A proper exercise of the trial court's discretion under Rule 54(b) requires more than mere recital of the language of the Rule, and . . . the trial court should articulate in writing the reasons supporting its decision." *Pifer*, at ¶ 14 (quotation omitted).

[¶ 10] The parties argue this Court should resolve this issue because it is a lynch pin for a plethora of further proceedings. The district court's logic was similar when it concluded certification was necessary because ancillary claims depend on the dormant mineral dispute. However, none of the parties, nor the district court, have demonstrated how this presents "out-of-the-ordinary circumstances or cognizable, unusual hardships to the litigants that will arise if resolution of the issues on this appeal is deferred." *Pifer*, 2012 ND 90, ¶ 17, 816 N.W.2d 88 (quoting *Peterson v. Zerr*, 443 N.W.2d 293, 299 (N.D.1989)). We conclude this case does not present

those circumstances. None of the relevant factors illustrate to this Court how this is not a standard interlocutory appeal.

[¶ 11] As in *Pifer*, this case presents claims that arise "from the same series of transactions and occurrences" and are "logically related legally and factually." 2012 ND 90, ¶ 17, 816 N.W.2d 88 (quotation omitted). The merits of this appeal focus on whether Weflens complied with the requirements of ch. 38–18.1, N.D.C.C., to claim an abandoned mineral interest. Capps argue the Weflens failed to do so. If we reverse the district court and quiet title in Weflens, Hassans may yet challenge the effect of the mineral deed from Ruth Nelson to Capps. If Hassans are successful in their claim, they could argue dispositive facts have changed and again argue Weflens failed to properly comply with ch. 38–18.1, N.D.C.C. Alternatively, should Hassans fail on this claim, they could appeal that decision to this Court. This is relevant under factor three because a strong likelihood of another appeal regardless of the outcome exists. Moreover, as this case currently stands, there are claims and counterclaims between several lessees disputing superior leasehold interests. This is relevant under factor one because a strong relationship exists between the remaining claims and the issue of Weflens' compliance with ch. 38–18.1, N.D.C.C.

[¶ 12] "The burden is upon the party seeking Rule 54(b) certification to demonstrate extraordinary circumstances or unusual hardship." *Brummund v. Brummund*, 2008 ND 224, ¶ 7, 758 N.W.2d 735. As in *Brummund*, this case "presents the precise type of piecemeal appeal which Rule 54(b) is specifically designed to prevent." *Id.* at ¶ 11. The parties have not met their burden to demonstrate extraordinary circumstances or undue hardship, and we conclude this is not an "infrequent harsh case" warranting our immediate review. *Pifer*, 2012 ND 90, ¶ 20, 816 N.W.2d 88.

[¶ 13] The district court inappropriately certified the summary judgment under N.D.R.Civ.P. 54(b), and the court abused its discretion in directing entry of a final judgment. Therefore, we do not reach the merits of Weflens' appeal.

### III

[¶ 14] We dismiss Weflens' appeal.

[¶ 15] GERALD W. VANDE WALLE, C.J., JOHN C. McCLINTOCK, JR., D.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

[¶ 16] The Honorable JOHN C. McCLINTOCK, JR., D.J., sitting in place of KAPSNER, J., disqualified.