# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 136

City of West Fargo, a political subdivision
of the State of North Dakota,                                    Plaintiff and Appellee

v.

Mark Alexander McAllister                                    Defendant and Appellant

     and

Alerus Financial, N.A.; and all other
persons unknown claiming an estate
or interest in or lien or encumbrance
upon the real property described in
the Complaint, whether as heirs,
devisees, personal representatives,
creditors or otherwise,                                             Defendants

## No. 20200324

Appeal from the District Court of Cass County, East Central Judicial District,
the Honorable Susan L. Bailey, Judge.

DISMISSED.

Opinion of the Court by VandeWalle, Justice.

Christopher M. McShane, West Fargo, ND, for plaintiff and appellee.

Jonathan T. Garaas, Fargo, ND, for defendant and appellant.

**VandeWalle, Justice.**

[¶1]   Mark McAllister appealed from a judgment allowing the City of West Fargo to use its quick-take eminent domain power to acquire a right of way across his property. Because we conclude that the district court inappropriately granted the N.D.R.Civ.P. 54(b) order certifying the judgment as final, we dismiss the appeal.

I

[¶2]   In August 2017, West Fargo passed a resolution determining it was necessary to construct a sewer improvement project. The project consisted of the design and installation of two sewer pipes between West Fargo and Fargo. To complete the project, West Fargo had to acquire a right of way across certain private property, including McAllister's.

[¶3]   West Fargo sued McAllister, seeking to use its quick-take eminent domain power to acquire immediate possession of a right of way across McAllister's property. West Fargo appraised the compensation for the property rights obtained on McAllister's property at $36,000 and deposited that amount with the clerk of court. McAllister resisted, arguing West Fargo was prohibited from taking immediate possession of a right of way across his property. After an evidentiary hearing, the district court concluded West Fargo was entitled to take immediate possession of a right of way across McAllister's property.

[¶4]   Before the trial on the issue of McAllister's just compensation, West Fargo moved to exclude testimony that the taking caused McAllister's property to become nonconforming under West Fargo City Ordinances based on front yard setback requirements. The district court granted the motion, concluding as a matter of law that the easement obtained by West Fargo had no effect on the front yard setback requirements under the West Fargo City Ordinances and ordered that testimony relating to that issue would be excluded at trial.

[¶5]   The parties stipulated to the entry of a condemnation judgment in favor of West Fargo. West Fargo agreed to pay McAllister $36,000; however, the determination of McAllister's costs and disbursements, including attorney's fees and appraisal expenses, was reserved for a later date. The parties also stipulated to the entry of an order certifying the condemnation judgment as final under N.D.R.Civ.P. 54(b). The district court entered a condemnation judgment and certified the judgment as final under Rule 54(b).

II

[¶6]   Before reaching the merits of McAllister's appeal, we consider whether the district court appropriately ordered entry of a final judgment under N.D.R.Civ.P. 54(b) before the determination of McAllister's costs and disbursements. We review a district court's decision to grant N.D.R.Civ.P. 54(b) certification under an abuse-of-discretion standard. *Capps v. Weflen*, 2013 ND 16, ¶ 6, 826 N.W.2d 605. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misinterprets or misapplies the law. *Id.*

[¶7]   Rule 54(b), N.D.R.Civ.P., preserves our long-standing policy against piecemeal appeals, and provides:

> If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

[¶8]   The district court should consider the following factors articulated by this Court when deciding a request for Rule 54(b) certification:

2

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Capps*, 2013 ND 16, ¶ 8 (quoting *Pifer v. McDermott*, 2012 ND 90, ¶ 10, 816 N.W.2d 88). "A N.D.R.Civ.P. 54(b) certification should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship." *Capps*, at ¶ 7.

[¶9]   The district court's Rule 54(b) order states:

[T]here is "no just reason for delay" in issuance of said final judgment as to the taking . . . and that the separate claim for Defendant's costs and disbursements, to include reasonable attorney's fees and appraisal fees should be postponed until after the contemplated appeal because the proper amount cannot be determined until final resolution of legal and factual issues presented by (a) the appeal and/or (b) any subsequent trial should Defendant Mark McAllister prevail on appeal.

[¶10] Both parties assert the district court properly granted Rule 54(b) certification because the only issue left to be decided is McAllister's costs and disbursements. They assert there was no just reason for delay and Rule 54(b) certification saved judicial resources. We disagree.

[¶11] A proper exercise of the district court's discretion under Rule 54(b) requires more than mere recital of the language of the Rule, and . . . the court should articulate in writing the reasons supporting its decision. *Capps*, 2013 ND 16, ¶ 9. Here, other than stating there was "no just reason for delay," the court provided no analysis of the Rule 54(b) factors. None of the parties, nor the court, have demonstrated how this is not a standard interlocutory appeal. *See Capps*, at ¶ 10.

[¶12] In *Holverson v. Lundberg*, 2015 ND 225, ¶¶ 10-11, 869 N.W.2d 146, we dismissed an appeal where the amount of attorney's fees awarded to the plaintiff was left undecided. In this case, McAllister's costs and disbursements, including reasonable attorney's fees, have been left undecided. As in *Holverson*, at ¶ 10, "[t]he unadjudicated determination of reasonable attorney fees leaves open the potential for more litigation between the parties and another appeal."

[¶13] We conclude the district court abused its discretion by inappropriately certifying the condemnation judgment as final under N.D.R.Civ.P. 54(b). Thus, we do not reach the merits of McAllister's appeal.

III

[¶14] We dismiss the appeal.

[¶15] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

4