20230306
FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
04-19-2024
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 68

Jonathan T. Garaas and David
Garaas, as Co-Trustees of the
Barbara Susan Garaas Family Trust;
Jonathan T. Garaas, as Trustee of the
David & Elizabeth Garaas Family Trust;
and David Garaas, as Trustee of the
Jonathan & Jill Garaas Family Trust,   Plaintiffs and Appellants

  v.

Continental Resources, Inc., a
corporation formed under the
laws of the State of
Oklahoma,   Defendant, Third-Party Plaintiff, and Appellee

  v.

Bridgepoint Mineral Acquisition
Fund 2, L.L.C. and Calf Creek
Royalty LTD,   Third-Party Defendants and Appellees

## No. 20230306

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

DISMISSED.

Opinion of the Court by Jensen, Chief Justice.

Jonathan T. Garaas, Fargo, ND, for plaintiffs and appellants.

James E. Dallner (argued), Parker, CO, for defendant, third-party plaintiff, and appellee Continental Resources, Inc., a corporation formed under the laws of the State of Oklahoma; Quinn P. Fylling (appeared), Bismarck, ND, and Demetri J. Economou (appeared), Houston, TX, for third-party defendants and appellees Bridgepoint Mineral Acquisition Fund 2, L.L.C. and Calf Creek Royalty LTD.

**Jensen, Chief Justice.**

[¶1]  Jonathan Garaas and David Garaas, as Co-Trustees of the Barbara Susan Garaas Family Trust; Jonathan T. Garaas, as Trustee of the David & Elizabeth Garaas Family Trust; David Garaas, as Trustee of the Jonathan & Jill Garaas Family Trust (together "Garaas Trusts" or "Trusts"), appeal from a district court order and judgment in favor of Continental Resources, Inc. ("Continental") and awarding Continental $293.00 in costs and disbursements. The Garaas Trusts argue the court erred in concluding the calculation of their Nonparticipating Royalty Interest ("NPRI") does not include State-owned acreage, that Continental was the prevailing party, and in not awarding the Garaas Trusts damages under N.D.C.C. § 47-16-39.1 after Continental suspended royalty payments pending the resolution of the case. We conclude a final judgment resolving all of the underlying claims has not been entered in the district court. We dismiss the appeal.

I

[¶2]  In January 2022, the Garaas Trusts commenced an action against Continental requesting the district court: (1) find the Trusts' NPRI be based on a distribution factor of 0.0002083; (2) order a monetary judgment against Continental for any outstanding royalties still owed; (3) order the statutory interest under N.D.C.C. § 47-16-39.1 of eighteen percent interest per annum until paid for any wrongfully withheld royalties; and (4) order Continental pay court costs, disbursements, and attorney's fees as provided under N.D.C.C. § 47-16-39.1. Continental filed its answer and a third-party complaint, and suspended payments to the Trusts pending a resolution.

[¶3]  In January 2023, the Garaas Trusts moved for partial summary judgment requesting the district court find: (1) the 1951 royalty deed granted them a fixed fractional 2% royalty interest and not a floating royalty; (2) the *Duhig* rule or estoppel by the warranty deed entitled them to the inclusion of the State-owned mineral acreage in the calculation of their NPRI; (3) that

1

Continental was using an incorrect tract acreage in the NPRI calculations; and (4) a demand for an accounting. The court subsequently found the Trusts each have a 1/3 interest in a fixed fractional 2% royalty interest, granted a partial summary judgment in favor of the Trusts on this issue, and a general denial of the remaining issues.

[¶4]   In July 2023, the district court held a status conference during which the parties requested the court enter judgment based on a stipulated set of facts. The parties jointly entered a set of stipulated facts, and both sides submitted stipulated exhibits, briefs, and proposed findings of facts, conclusions of law and order for judgment. The court entered its findings of fact, conclusions of law and order for judgment in favor of Continental, in which it determined the Trusts' NPRI does not include State-owned acreage in the calculation of acres burdened and dismissing all claims with prejudice. The court did not include findings relating to the Trusts' assertion Continental improperly withheld royalty payments. The Garaas Trusts assert Continental improperly withheld royalty payments owed to the Trusts, and their right to interest under the N.D.C.C. § 47-16-39.1 remain unresolved.

II

[¶5]   "Only judgments and decrees constituting a final judgment and specific orders enumerated by statute are appealable." *Dixon v. Dixon,* 2021 ND 94, ¶ 8, 960 N.W.2d 764 (quoting *Investors Title Ins. Co. v. Herzig*, 2010 ND 138, ¶ 23, 785 N.W.2d 863); *accord* N.D.R.Civ.P. 54(a).

> We will not consider an appeal in a multi-claim or multi-party lawsuit which disposes of fewer than all the claims against all the parties unless the district court has first independently assessed the case and determined that a certification under N.D.R.Civ.P. 54(b) is appropriate. Rule 54(b), N.D.R.Civ.P., authorizes a district court to direct entry of a final judgment adjudicating fewer than all the claims, or the rights and liabilities of fewer than all of the parties, upon expressly determining there is no just reason for delay. Rule 54(b), N.D.R.Civ.P., preserves our long-standing policy against piecemeal appeals. Upon requesting Rule 54(b) certification, the burden is upon the proponent to establish

2

prejudice or hardship which will result if certification is denied. A district court must weigh the competing equities involved and must consider judicial administrative interests in making its determination whether to certify under Rule 54(b). Certification under Rule 54(b) should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship.

*Whitetail Wave LLC v. XTO Energy, Inc.*, 2022 ND 171, ¶ 6, 980 N.W.2d 200 (quoting *James Vault & Precast Co. v. B&B Hot Oil Serv., Inc.*, 2018 ND 63, ¶ 9, 908 N.W.2d 108) (cleaned up).

[¶6]   In their complaint, the Garaas Trusts requested the district court: (1) find the Trusts' NPRI be based on a distribution factor of 0.0002083; (2) order a monetary judgment against Continental for any outstanding royalties still owed; (3) order the statutory interest under N.D.C.C. § 47-16-39.1; and (4) order Continental pay court costs, disbursements, and attorney's fees as provided under N.D.C.C. § 47-16-39.1. The court's findings and judgment concluded the Trusts' NPRI does not include State-owned acreage; the Trusts each own an undivided 1/3 interest in a 2% NPRI of the 39.01-acre portion of NW1/4NE1/4 Section 31-154-97 in McKenzie County, North Dakota; the *Duhig* rule does not apply to this case; and the combined payment factor to the Garaas Trusts is 0.000622688. However, no findings were made regarding whether Continental's suspension of payments was permissible or wrongful, triggering the penalties provided under section 47-16-39.1.

[¶7]   The judgment entered in the district court does not dispose of all of the claims raised in the proceedings and is not final. Additionally, the parties did not request, and the court has not made, a determination that there is no just reason to delay an appeal as required by N.D.R.Civ.P. 54(b). Lacking a final judgment or proper N.D.R.Civ.P. 54(b) certification, there is no right to appeal.

III

[¶8]   We conclude the judgments are not final for purposes of our appellate jurisdiction, and we dismiss the appeal.

3

[¶9]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

4