2016 ND 190

**In the Matter of the ESTATE OF Larry KETTERLING, Deceased.**

**Richard Erbele, Personal Representative, Petitioner and Appellee**

v.

**Linda Ketterling, Respondent and Appellant**

and

**Lodeva Ketterling, Respondent**

and

**Kristine Rauh, Travis Ketterling and Evan Ketterling, Respondents and Appellees.**

No. 20160130.

Supreme Court of North Dakota.

Sept. 26, 2016.

Fallon M. Kelly, Lisbon, N.D., for petitioner and appellee.

Sara K. Sorenson, West Fargo, N.D., for respondent and appellant.

Jordan B. Weir (argued), Valeska A. Hermanson (appeared) and Robert G. Manly (on brief), Fargo, N.D., for respondents and appellees. Estate of Ketterling.

McEVERS, Justice.

[¶ 1] Linda Ketterling appealed from a district court order interpreting Larry Ketterling's will and the L & L Rentals, LLC operating agreement to determine whether the transfer of Larry Ketterling's ownership interest in the company is restricted. We dismiss the appeal for lack of jurisdiction.

I

[¶ 2] Linda Ketterling was married to Larry Ketterling. They were the co-owners of L & L Rentals, and each owned a fifty percent membership interest in the company. Larry Ketterling died on July 31, 2014. An application for the informal probate of Larry Ketterling's will was filed and a personal representative was appointed.

[¶ 3] In November 2015, the personal representative petitioned for approval of the final accounting, settlement, and distribution of the estate, including distribution of Larry Ketterling's interest in L & L Rentals to his children. Linda Ketterling objected to the petition, arguing Larry Ketterling's interest in the company was not available for distribution because she intended to purchase the interest under the terms of the L & L Rentals operating agreement.

[¶ 4] A hearing was held, and the district court entered an order on February 17, 2016. The district court interpreted the will and the L & L Rentals operating agreement and concluded the personal representative would not violate the operating agreement by distributing Larry Ketterling's interest in the company to his children. The court ordered the personal representative was not required to transfer the interest to Linda Ketterling under either the terms of the will or the terms of the operating agreement.

[¶ 5] On February 17, 2016, a bank petitioned for allowance of its claim against the estate for payment of debts, including a loan to L & L Rentals. On February 22, 2016, the personal representative petitioned for approval of an amended final accounting and distribution of the estate. On February 26, 2016, Linda Ketterling filed a claim against the estate for amounts she may be required to pay creditors on loans to Larry Ketterling. On April 7, 2016, Linda Ketterling objected to the petition for approval of an amended final accounting and distribution, arguing L & L

Rentals is not an estate asset. On April 8, 2016, Linda Ketterling filed a notice of appeal, stating she was appealing the February 17, 2016, order.

## II

[¶ 6] Before this Court can consider the merits of an appeal, we must determine whether we have jurisdiction. *In re Estate of Hollingsworth*, 2012 ND 16, ¶ 7, 809 N.W.2d 328.

[¶ 7] This is an informal, unsupervised probate case. In an unsupervised probate, each proceeding before the court is independent of any other proceeding involving the same estate. N.D.C.C. § 30.1–12–07. Because each proceeding is independent, there needs to be finality, for purposes of appealability, only for the proceeding being appealed. *In re Estate of Grengs*, 2015 ND 152, ¶ 18, 864 N.W.2d 424. This Court has explained, "When interrelated claims have not all been resolved, the order or judgment is not final for review. Thus, in an unsupervised probate, an order settling all claims of one claimant is final, even if there are pending claims by other claimants.'" *Id.* (quoting *In re Estate of Eggl*, 2010 ND 104, ¶ 7, 783 N.W.2d 36) (citation omitted).

[¶ 8] A two-step analysis is used to evaluate the finality of orders for review. *Hollingsworth*, 2012 ND 16, ¶ 9, 809 N.W.2d 328. First, the order being appealed must meet one of the statutory criteria for appealability under N.D.C.C. § 28–27–02, and if it does not, then the appeal must be dismissed. *Hollingsworth*, at ¶ 9. Second, if the order meets one of the statutory criteria for appealability, then N.D.R.Civ.P. 54(b) must be complied with or this Court is without jurisdiction. *Hollingsworth*, at ¶ 9.

[¶ 9] Rule 54(b), N.D.R.Civ.P., governs judgments in cases with multiple claims or multiple parties, and states:

If an action presents more than one claim for relief ... or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In a probate case, the appealing party has the duty to request a Rule 54(b) order or certification. *Hollingsworth*, 2012 ND 16, ¶ 9, 809 N.W.2d 328. Requiring compliance with Rule 54(b) facilitates our longstanding policy to discourage piecemeal appeals of multi-claim or multi-party litigation. *Id.* This Court has held:

[I]n an unsupervised probate, an order or judgment determining some, but not all, of one person's claims or disputes in an estate is not appealable without a Rule 54(b) certification. *Investors Title [Ins. Co. v. Herzig]*, 2010 ND 138, ¶ 28, 785 N.W.2d 863; *In re Estate of Eggl*, 2010 ND 104, ¶ 7, 783 N.W.2d 36; *In re Estate of Stensland*, 1998 ND 37, ¶ 14, 574 N.W.2d 203. When a judgment or order in an unsupervised probate does not settle all claims and disputes between the parties, but "leaves open more litigation between the same litigants ... and augers more appeals," the judgment or order is not appealable without a Rule 54(b) certification. *Stensland*, at ¶ 16.

*Hollingsworth*, at ¶ 10.

[¶ 10] "Certification under N.D.R.Civ.P. 54(b) must be reserved for

'the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.' " *Tharaldson Ethanol Plant I, LLC v. VEI Global, Inc.*, 2014 ND 94, ¶ 22, 845 N.W.2d 900 (quoting *Peterson v. Zerr*, 443 N.W.2d 293, 299 (N.D.1989)). Certification under N.D.R.Civ.P. 54(b) is appropriate only in the "infrequent harsh case." *Hollingsworth*, 2012 ND 16, ¶ 12, 809 N.W.2d 328. Certification may be improvident unless the party seeking certification demonstrates extraordinary circumstances or unusual hardship. *See Brummund v. Brummund*, 2008 ND 224, ¶¶ 6–7, 758 N.W.2d 735.

[¶ 11] In this case, there are unresolved claims and disputes between the parties. After the order appealed was entered, Linda Ketterling filed a claim against the estate and objected to the petition for approval of the amended final accounting and distribution of the estate. The district court has not ruled on Linda Ketterling's claim, the petition for approval of the amended final accounting and distribution, or the objection. There are remaining issues with creditors and the transfer of the ownership interest in L &

L Rentals may be interrelated to these issues. The petition for approval of the final accounting and distribution has not been approved. The February 17, 2016, order resolves some of the claims and disputes between the parties, but other claims and disputes remain. The order is not appealable without Rule 54(b) certification, if it is providently granted. Linda Ketterling did not request Rule 54(b) certification, and therefore this is not a final, appealable order.

### III

[¶ 12] We dismiss the appeal, concluding we do not have jurisdiction.

[¶ 13] GERALD W. VANDE WALLE, C.J., LOLITA G. HARTL ROMANICK, D.J., DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

[¶ 14] The Honorable LOLITA G. HARTL ROMANICK, D.J., sitting in place of KAPSNER, J., disqualified.