16-277-cv(L)
Myers v. Bucca

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand sixteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          GERARD E. LYNCH,
                    *Circuit Judges.*

-------------------------------------------------------------------

SCOTT MYERS,

                *Plaintiff-Appellant*,

          v.                                              Nos. 16-277-cv(L)
                                       16-471-cv(Con)

CHARLES BUCCA, GREG SEELEY,
PATROLMAN ROWELL, ALAN FRISBEE,
DONNA BAECKMANN, MICHAEL SPITZ,
TERRY WILLHELM, and BOBBY HAINES,

                *Defendants-Appellees*.

-------------------------------------------------------------------

APPEARING FOR APPELLANT:            SCOTT MYERS, *pro se*, Catskill, New York.

APPEARING FOR APPELLEES:           CRYSTAL R. PECK, Bailey, Johnson, DeLeonardis & Peck, Albany, New York.

Appeal from orders of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*; Andrew T. Baxter, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED for lack of appellate jurisdiction and the Appellant's motions are DENIED.

Appellant Scott Myers, proceeding *pro se*, appeals from the *sua sponte* dismissal of all claims in his Second Amended Complaint, other than that for malicious prosecution under 42 U.S.C. § 1983 against defendant Rowell, and the denial of all related motions. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to dismiss this appeal for lack of appellate jurisdiction.

"Pursuant to 28 U.S.C. § 1291, we have jurisdiction to hear timely appeals from final judgments or from partial final judgments entered pursuant to Fed. R. Civ. P. 54(b)." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 35 (2d Cir. 2014) (internal quotation marks omitted). To be final, an order must "conclusively determine[] the pending claims of all the parties to the litigation . . . unless the court directs the entry of a final judgment as to the dismissed claims or parties" under Fed. R. Civ. P. 54(b). *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir. 2000).

A district court's denial of a motion to stay proceedings pending state court litigation is not a final judgment. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988). Nor is a denial of a motion to bifurcate. *See* 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2392, at 182–83 (3d ed. 2008); *cf. In re Master Key Antitrust Litig.*, 528 F.2d 5, 14 (2d Cir. 1975) (holding grant of motion to bifurcate not final order).

Further, the district court's dismissal, upon recommendation of the magistrate judge, of *certain* of Myers's claims was not a final judgment because the court allowed Myers's malicious prosecution claim against Rowell to proceed and did not enter partial judgment pursuant to Rule 54(b). *See Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d at 128. Even if the "motion to bifurcate" had been construed as a motion for Rule 54(b) certification, the denial of such a motion would not itself be a final judgment subject to appeal. *See, e.g.*, *Makuc v. Am. Honda Motor Co., Inc.*, 692 F.2d 172, 173–74 (1st Cir. 1982). Finally, none of the challenged orders qualifies as an appealable interlocutory order under 28 U.S.C. § 1292, or under the "collateral order" doctrine, the latter of which applies only to the conclusive resolution of an important issue, distinct from the merits of the action, and effectively unreviewable in a later appeal. *See United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 235 (2d Cir. 2016).

3

Because we do not have appellate jurisdiction, we necessarily express no view of the underlying merits of the case. Myers may raise any issues related to his claims when the district court enters a final judgment, if he chooses to appeal at that time.

Accordingly, we DISMISS this appeal for lack of appellate jurisdiction and DENY as moot Myers's other motions filed in this court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4