# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 94

John W. Dixon,                                        Petitioner and Appellant

v.

Billie Dixon,                                        Respondent and Appellee

### No. 20210070

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

MOTION GRANTED AND APPEAL DISMISSED.

Opinion of the Court by Crothers, Justice.

Greg W. Hennessy, Williston, ND, for petitioner and appellant.

Spencer D. Ptacek (argued) and Lawrence Bender (on brief), Bismarck, ND, for respondent and appellee.

**Dixon v. Dixon**
**No. 20210070**

**Crothers, Justice.**

[¶1] Respondent and appellee Billie Dixon moves to dismiss petitioner and appellant John W. Dixon's appeal due to mootness and lack of jurisdiction because the appeal was taken without a N.D.R.Civ.P. 54(b) certification. We grant the motion and dismiss the appeal.

I

[¶2] The Shirley A. Dixon Revocable Trust was created in 1972. The trust agreement provided that, if Shirley Dixon's husband did not survive her, her four children would become remainder beneficiaries of the trust, and trust property would be allocated equally to them upon her death. Billie Dixon and John Dixon are two of Shirley Dixon's four children.

[¶3] This action started in October 2013 when John Dixon sought an accounting of the trust, removal of Billie Dixon as trustee, court supervised administration of the trust, reimbursement of the trust for unauthorized distributions, and his attorney fees expended in the action. Shirley Dixon died on November 19, 2015. In March 2017, the district court granted summary judgment denying the petition, and John Dixon appealed. This Court reversed and remanded for further proceedings. *Dixon v. Dixon*, 2018 ND 25, ¶ 21, 905 N.W.2d 748. At the time of the first appeal, the district court was not supervising administration of the trust and an immediate appeal was permitted. *See Matter of Curtiss A. Hogen Trust B*, 2018 ND 117, ¶ 12, 911 N.W.2d 305 ("The district court granted Steven Hogen's request for supervised administration of the Trust to avoid a 'plethora of appeals' and piecemeal litigation. Rodney Hogen's initial appeal in this Trust proceeding was from a decision issued before the court approved the trustee's final report, and his second appeal after our temporary remand was from an order approving the trustee's final report."); *In re Estate of Grengs*, 2015 ND 152, ¶¶ 16-21, 864 N.W.2d 424 (describing the finality rule as applied to supervised and unsupervised estates).

[¶4]   After trial on remand the district court granted John Dixon's request for supervised administration of the trust and denied the remaining requests for relief. The court also ordered "that Respondent shall proceed with final disbursement of the Trust's assets and terminate the Trust, under this Court's supervision, upon the completion of any appeal or the expiration of the 60-day period allowed for the filing of a notice of appeal." The court directed that "The clerk shall enter a judgment in accordance with this Order."

[¶5]   A document titled "Judgment" was entered on September 19, 2019. John Dixon appealed that judgment on November 17, 2019. John Dixon subsequently withdrew the appeal after this Court requested briefing from both parties on appealability of the purported judgment. On May 4, 2020, this Court dismissed John Dixon's appeal without reaching the question whether the September 19, 2019 "judgment" was appealable.

[¶6]   On December 11, 2020, Billie Dixon filed a Petition for Order Allowing Trustee to Make Final Distribution and Allowing Termination of the Trust. On December 28, 2020, John Dixon filed objections to the petition, and on the same day the court granted Billie Dixon's petition. On February 26, 2021, John Dixon appealed the district court's order granting the petition. On April 12, 2021, Billie Dixon moved to dismiss the appeal. On April 24, 2021, the district court granted Billie Dixon's motion for stay, ordering "that its Order Allowing Trustee to Make Final Distribution and Allowing Termination of the Trust (Doc. ID# 239), and any attempts to enforce that Order, are hereby stayed, effective March 29, 2021, pending completion of the appeal in this matter filed by Petitioner John W. Dixon."

II

[¶7]   Billie Dixon moves to dismiss this appeal as moot and for lack of N.D.R.Civ.P. 54(b) certification. We conclude the latter issue is dispositive.

A

[¶8]   In North Dakota the right to appeal is statutory, and we must dismiss for lack of jurisdiction if the law does not provide a basis for an appeal. *In re*

2

*Estate of Hollingsworth*, 2012 ND 16, ¶ 7, 809 N.W.2d 328. "Only judgments and decrees constituting a final judgment and specific orders enumerated by statute are appealable." *Investors Title Ins. Co. v. Herzig*, 2010 ND 138, ¶ 23, 785 N.W.2d 863 (citation omitted); *accord* N.D.R.Civ.P. 54(a). Our framework for analyzing finality and our appellate jurisdiction involving unadjudicated claims is well established:

> "First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), NDRCivP, [if applicable,] must be complied with. If it is not, we are without jurisdiction."

*Matter of Estate of Stensland*, 1998 ND 37, ¶ 10, 574 N.W.2d 203 (quoting *Gast Constr. Co., Inc. v. Brighton P'ship*, 422 N.W.2d 389, 390 (N.D. 1988) (citations omitted)). For purposes of this appeal we assumed without deciding the December 28, 2020 order satisfies N.D.C.C. § 28-27-02(5) as one involving the merits of an action.

[¶9] "We 'will not consider an appeal in a multi-claim or multi-party case which disposes of fewer than all claims against all parties unless the trial court has first independently assessed the case and determined that a Rule 54(b) certification is appropriate.'" *Pifer v. McDermott*, 2012 ND 90, ¶ 9, 816 N.W.2d 88 (quotation omitted). We have made clear that the purpose of N.D.R.Civ.P. 54(b) is to facilitate our longstanding policy to discourage piecemeal appeals of multi-claim or multi-party litigation. *Mangnall v. Adams*, 1997 ND 19, ¶ 18, 559 N.W.2d 221 (stating policy of discouraging piecemeal litigation and requiring complete accounting of trustee's responsibilities); *Citizens State Bank-Midwest v. Symington*, 2010 ND 56, ¶ 9, 780 N.W.2d 676 (providing district courts with five non-exclusive factors for considering whether N.D.R.Civ.P. 54(b) certification is appropriate).

[¶10] "Even if the trial court does make the requisite determination under Rule 54(b), we are not bound by the court's finding that 'no just reason for delay exists.'" *Pifer*, 2012 ND 90, ¶ 9 (quotation omitted). "We will sua sponte review

3

the court's certification to determine if the court has abused its discretion." *Id.* (quotation omitted).

[¶11] "Under N.D.R.Civ.P. 54(b), the district court is authorized to enter a final judgment adjudicating fewer than all claims of all parties when the court expressly concludes there is no just reason for delay and expressly directs the entry of judgment." *Hollingsworth*, 2012 ND 16, ¶ 9 (quoting *Investors Title*, 2010 ND 138, ¶ 24). However, we have cautioned against improvident use of the rule:

> "Upon requesting Rule 54(b) certification, the burden is upon the proponent to establish prejudice or hardship which will result if certification is denied. The district court must weigh the competing equities involved and take into account judicial administrative interests in making its determination whether or not to certify under the Rule. A N.D.R.Civ.P. 54(b) certification should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship. Upon review, we determine whether the case presents an infrequent harsh case warranting the extraordinary remedy of an otherwise interlocutory appeal."

*Capps v. Weflen*, 2013 ND 16, ¶ 7, 826 N.W.2d 605 (citations and quotation marks omitted).

B

[¶12] Billie Dixon argues the district court's December 28, 2020 order was not final so that this appeal is premature absent a N.D.R.Civ.P. 54(b) certification. In *Matter of Curtiss A. Hogen Trust B*, 2018 ND 117, ¶ 1, an interested party in a supervised administration of a trust appealed from the district court's order granting the trustee's petition for approval of a final report and accounting. On the question whether the order was appealable, we stated:

> "Under N.D.C.C. § 59-10-01(2), a trust is not subject to continuing judicial supervision unless ordered by the court. Here, the district court granted Steven Hogen's petition for supervised

4

administration of the Trust and ultimately issued an order granting his petition for approval of the trustee's final report and accounting. We need not fully delineate issues about appealability for every conceivable court proceeding involving a trust. Rather, we conclude we now have jurisdiction to review issues in Rodney Hogen's appeal from an order granting approval of the trustee's final report and accounting in the supervised administration of this Trust."

*Id.* at ¶ 14.

[¶13] The conclusion in *Hogen Trust B* was based on our cases explaining finality for appeals in the probate of estates. 2018 ND 117, ¶ 13. We noted that orders in unsupervised estates generally were appealable without Rule 54(b) certification if the order or decree was final, even if other claims by or against the estate remained unresolved. *Id.* That holding was premised on each proceeding in an unsupervised probate being considered independent of other claims involving the same estate. *See In re Estate of Hass*, 2002 ND 82, ¶ 7, 643 N.W.2d 713. "Thus, in an unsupervised probate, an order settling all claims of one claimant is final, even if there are pending claims by other claimants." *In re Estate of Eggl*, 2010 ND 104, ¶ 7, 783 N.W.2d 36 (quoting *Schmidt v. Schmidt*, 540 N.W.2d 605, 607 (N.D. 1995)). By contrast, "In a supervised administration, an order entered before approval of distribution of the estate and discharge of the personal representative is not final and cannot be appealed without [certification under N.D.R.Civ.P. 54(b)]." *In re Estate of Starcher*, 447 N.W.2d 293, 296 (N.D. 1989).

[¶14] In *Hogen Trust B* this Court did not "fully delineate issues about appealability for every conceivable court proceeding involving a trust." *Hogen*, 2018 ND 117, ¶ 14. Thus, we must determine in this case whether the district court's December 28, 2020 order was final and immediately appealable. The order directed:

"[T]hat, within ninety days of the date of this Order, Billie shall pay the remaining bills and obligations of the Trust, Billie shall distribute the Trust's remaining assets in equal shares to and for the benefit of Billie, Petitioner John W. Dixon ('John'), and Dorothy

5

S. Dixon ('Dotti'), according to the terms of the Shirley A. Dixon Trust agreement, as amended, and upon final payment of bills and final distribution of assets, Billie is in all things discharged from her duties as Trustee of the Trust and is discharged from further claim or demand of any interested person pertaining to the Trust and the trust may in all things be closed."

On its face, this order is unclear whether the district court intended it to be final and a "judgment" for purposes of N.D.R.Civ.P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). The court's order stated the trustee had 90 days to wind up the trust and distribute the assets. That directive suggests finality, but also can be construed as leaving open the possibility of additional claims if the trustee does not correctly or timely pay bills and distribute all assets according to the terms of the trust. The court also ordered the trustee's discharge, conditioned "upon final payment of bills and final distribution of assets." Again, this provision suggests finality but ultimately may not be final because under plain terms of the order the trustee would not be discharged if administration terminating the trust was not correctly completed within 90 days and further claims were made as a result.

[¶15] The ambiguities present in this case can be avoided in other cases if a district court also issues an order, decree or judgment confirming final administration of the trust and affirmatively discharging the trustee. Absent such a final order, we anticipate confusion like that in the present case, which likely leads to protective filings by both parties (i.e. notices of entry of orders by prevailing parties, and notices of appeal by non-prevailing parties). Without an expressly final order, we also anticipate that continuing ambiguities will lead to needless additional work by the attorneys, additional and unnecessary expenses for clients, and additional proceedings in this Court to determine whether an order constitutes an appealable judgment or needs N.D.R.Civ.P. 54 certification.

[¶16] Here, the district court resolved ambiguities about finality of the December 28, 2020 order subsequent to John Dixon's notice of appeal. The notice of appeal was filed on February 26, 2021. On April 24, 2021, the district

court granted Billie Dixon's motion for stay. The order stayed the December 28, 2020 order, stayed the trustee's distribution of assets, prevented "any attempts to enforce that Order," and stayed discharge of the trustee. This action by the court confirms that administration of the trust is not complete. Rather, language of the December 28, 2020 order, when read with the stay, establishes there is an opportunity for more claims and proceedings potentially giving rise to appealable issues and, thus, the order was not a "judgment" under N.D.R.Civ.P. 54(a). *See Gasic v. Bosworth,* 2014 ND 85, ¶ 12, 845 N.W.2d 306 ("based on the district court's failure to address the counterclaim in its order of eviction and reference to a future hearing in its stay of eviction, we conclude the court did not intend the order of eviction to be a final order or judgment"); *Matter of Estate of Stensland*, 1998 ND 37, ¶ 17 (where at time of notice of appeal funds had not been restored and a corrected accounting had not been filed or approved, this Court concluded the judgment left potential interrelated disputes unsettled and lacked finality).

[¶17] We conclude this Court is without jurisdiction to adjudicate the appeal because the trust is court supervised, the order is not final as to all matters relating to the trust, and the district court did not issue a N.D.R.Civ.P. 54(b) certification prior to John Dixon's appeal. For the same reasons, Rule 54(b) certification would be improper and we therefore do not remand for the district court to consider that step. *See Capps v. Weflen*, 2013 ND 16, ¶ 7 ("A N.D.R.Civ.P. 54(b) certification should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship.").

III

[¶18] Billie Dixon's motion is granted and the appeal is dismissed.

[¶19] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

7