20230275
FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
04-26-2024
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 76

In the Matter of the Estate of Susan M. Kish,
A/K/A Susan Marie Kish, A/K/A Susan Kish, Deceased

| | |
|---|---|
| Julie A. Thorson, Personal Representative, | Petitioner and Appellant |
| v. | |
| Michael Kish, Callie Carpenter and Shane Klosterman, | Respondents and Appellees |

### No. 20230275

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Constance L. Cleveland, Judge.

REMANDED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and District Judge El-Dweek joined. Justice Crothers filed an opinion concurring and dissenting. Justice Bahr also filed an opinion concurring and dissenting, in which Justice Crothers joined.

Andrew D. Cook (argued) and Brittney M. Kelley (on brief), West Fargo, N.D., for petitioner and appellant.

Berly D. Nelson (argued) and Timothy G. Richard (on brief), Fargo, N.D., for respondent and appellee Michael Kish.

Matthew D. Kirschenmann, Fargo, N.D., for respondent and appellee Callie Carpenter; submitted on brief.

Don R. Krassin, Wahpeton, N.D., for respondent and appellee Shane Klosterman; submitted on brief.

**Tufte, Justice.**

[¶1]   Julie Thorson, personal representative of the Estate of Susan Kish, appeals a district court order partially granting summary judgment in favor of Michael Kish. On appeal, Thorson argues the district court erred as a matter of law because the homestead conveyance restrictions under N.D.C.C. § 47-18-05 do not invalidate two deeds executed by Susan Kish. We retain jurisdiction and remand to the district court for an initial determination under Rule 54(b), N.D.R.Civ.P.

I

[¶2]   Michael Kish and Susan Kish were married and owned a home as joint tenants. Susan Kish made a will in 2015 which left the home to Michael Kish. Susan Kish revoked that will in 2020 with a new will and executed a quit claim deed and a transfer on death deed intended to create a tenancy in common and leave her share in the homestead to her children.

[¶3]   Susan Kish died. Michael Kish contested her 2020 will. In his amended petition, he charged the will was invalid because of lack of capacity, undue influence, and tortious interference with inheritance. Michael Kish moved for summary judgment, arguing the home and vehicles were held under a joint tenancy and should belong to him.

[¶4]   The district court ordered partial summary judgment be granted to Michael Kish after finding both deeds were invalid. But the court denied his motion to find as a matter of law that the vehicles were owned under a joint tenancy. The case was set for an evidentiary hearing before the district court in February and later continued to April. Thorson appealed the order granting summary judgment in part.

II

[¶5]   "Before we consider the merits of an appeal, we must first confirm we have jurisdiction." *Estate of Lindberg*, 2024 ND 10, ¶ 6, 2 N.W.3d 220. Thorson

1

argues the order in this unsupervised probate is appealable because it is conclusive as to whether the property is part of the estate, it affects a substantial right, and it involves the merits of the proceeding.

[¶6] Our cases articulate a two-step analysis to determine whether an order is appealable. *In re Estate of Ketterling*, 2016 ND 190, ¶ 8, 885 N.W.2d 85. First, for this Court to have appellate jurisdiction, the order being appealed must meet statutory criteria for appealability. *Id.*; *Trengen v. Mongeon*, 200 N.W.2d 50, 52 (N.D. 1972) ("Appeals being purely statutory, no right to appeal exists unless the statute provides for such appeal."). Second, for this Court to consider the appeal at this time, we have said we generally will not consider an appeal of an order adjudicating fewer than all claims or parties unless the requirements of N.D.R.Civ.P. 54(b) have been satisfied. *See id.*

A

[¶7] Under N.D.C.C. § 30.1-02-06.1, the right to appeal in a probate case is governed by N.D.C.C. § 28-27-02. Thorson argues the order is appealable under N.D.C.C. § 28-27-02(1) and (5). Under those provisions this Court has appellate jurisdiction if the district court order is (1) "An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken" or (5) "An order which involves the merits of an action or some part thereof."

[¶8] This is a formal, unsupervised probate to determine if the 2020 will is valid and whether the home and vehicles were owned in joint tenancy with right of survivorship that passed outside probate or were assets of the estate. In an unsupervised probate, "each proceeding before the court is independent of any other proceeding involving the same estate." N.D.C.C. § 30.1-12-07. "Because each proceeding is independent, there needs to be finality, for purposes of appealability, only for the proceeding being appealed." *Estate of Ketterling*, 2016 ND 190, ¶ 7. "If an order comes within the meaning of Section 28-27-02, the order is appealable to this court even if it might be argued that the interests of justice clearly support the contention that this court should dismiss the appeal." *First Tr. Co. of N. Dakota v. Conway*, 345 N.W.2d 838, 841 (N.D. 1984). If the order is final as to the matters addressed, it may be

appealable even if there are pending claims by other claimants. *Estate of Eggl*, 2010 ND 104, ¶¶ 7-9, 783 N.W.2d 36 (holding order in unsupervised probate was appealable under N.D.C.C. § 28-27-02(1) where it settled all existing claims of several claimants and the record indicated no other claims regarding the residuary estate).

[¶9] Section 28-27-02(5) allows for an appeal from an "order which involves the merits of an action or some part thereof." "An order is not appealable under § 28-27-02(5) unless, in effect, it finally determines some substantive legal right of appellant or is dispositive of a substantive issue." *Gonzalez v. Perales*, 2023 ND 145, ¶ 10, 994 N.W.2d 183 (cleaned up); *Skoog v. Grand Forks*, 301 N.W.2d 404, 407 (N.D. 1981) ("order reducing the amount in the prayer for relief is appealable because it limits the amount of possible recovery" under N.D.C.C. § 28-27-02(5)). In contrast, an order that does not decide a question or determine the rights of the parties in the controversy but merely directs that the case proceed to trial is not appealable under this provision. *Estate of Glavkee*, 75 N.D. 118, 122, 25 N.W.2d 925 (1947). We conclude this order "involves the merits" of the action because the order appears intended to be final in concluding the two deeds are invalid, and it resolves the homestead was owned jointly by Michael and Susan. This is dispositive of the claims contesting ownership of the homestead property at the time of Susan's death. Under the circumstances here, we conclude we have appellate jurisdiction over this order under N.D.C.C. § 28-27-02(5).

B

[¶10] Having determined we have appellate jurisdiction under N.D.C.C. § 28-27-02, we next consider whether the requirements of N.D.R.Civ.P. 54(b) have been satisfied.

[¶11] Rule 54(b) creates additional requirements by which we enforce our long-standing doctrine against piecemeal appeals. *City of West Fargo v. McAllister*, 2021 ND 136, ¶ 7, 962 N.W.2d 591. An important purpose of Rule 54(b), N.D.R.Civ.P., is to "avoid injustice caused by unnecessary delay in adjudicating the separate claims" caused by piecemeal litigation. *Gast Constr. Co. v. Brighton P'ship*, 422 N.W.2d 389, 390-91 (N.D. 1988).

3

> The rule discourages piecemeal disposal of multiple-claim litigation and permits appeals only from judgments determining all claims, except where the trial court for cogent reasons has expressly determined that there is no just reason for delay and expressly directs entry of judgment as to one or more but fewer than all the claims. The provisions of the rule are not only for the benefit of the litigants but also for the protection of the court against multiple appeals in a single action. The rule allows a certain amount of flexibility to the trial court in disposing of complicated multiple-claim litigation. It does not negate the right to appeal but whether an appeal from a piecemeal adjudication must wait final disposition is left to the district court's discretion.

*Berg v. Kremers*, 154 N.W.2d 911, 913 (N.D. 1967). Upon request for Rule 54(b) certification, the district court should reserve granting certification for "cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship." *Capps v. Weflen*, 2013 ND 16, ¶ 7, 826 N.W.2d 605; *Berg*, 154 N.W.2d at 913 (explaining Rule 54(b) provides discretion to resolve one claim in complicated multiple-claim litigation where no just reason requires waiting for final disposition of all claims).

[¶12] Here, the parties did not request Rule 54(b) certification. *Estate of Stuckle*, 427 N.W.2d 96, 96-97 (N.D. 1988) ("Parties in probate cases bear the duty of requesting a Rule 54(b) order or certification if they seek an appeal."). Although there are indications the district court intended the order to be final as to the validity of the deeds, there is no reference to the rule or consideration of the factors governing certification. *McAllister*, 2021 ND 136, ¶ 8. For the rule to operate as intended, the district court must make the initial determination that there is no just reason for delay. We review orders granting or denying Rule 54(b) certification for abuse of discretion, mindful that as a structural matter the rule does not assign the district court as gatekeeper for appellate review of its own decisions. *McAllister*, at ¶ 6. Accordingly, we retain jurisdiction and remand to the district court to consider in the first instance whether Rule 54(b) certification is appropriate. *Matter of Estate of Stensland*, 1998 ND 37, ¶ 14 n.2, 574 N.W.2d 203.

4

[¶13] Because we retain jurisdiction and remand for a determination by the district court under Rule 54(b), we have necessarily concluded that we have appellate jurisdiction despite noncompliance with the rule. It is appropriate to clarify conflicting statements in our decisions whether noncompliance with the rule deprives this Court of jurisdiction.

[¶14] Our decisions have stated that we lack appellate jurisdiction when an appellant fails to obtain N.D.R.Civ.P. 54(b) certification when required. S*ee, e.g., Dixon v. Dixon*, 2021 ND 94, ¶¶ 8, 17, 960 N.W.2d 764 (dismissing for lack of "jurisdiction to adjudicate the appeal" where the district court had not issued certification and it would be improper if it had done so); *Greer v. Global Indus., Inc.*, 2018 ND 206, ¶ 9, 917 N.W.2d 1 ("Greer, therefore, must also comply with N.D.R.Civ.P. 54(b) or this Court does not have jurisdiction."); *In re Estate of Hollingsworth*, 2012 ND 16, ¶¶ 9, 13, 809 N.W.2d 328 (describing Rule 54(b) certification as essential to jurisdiction); *Estate of Stensland*, 1998 ND 37, ¶ 10 (same). Although these decisions properly dismissed the appeals under the jurisdictional statutes and this Court's rules, they may be misunderstood as this Court asserting power to affect its own jurisdiction by rule. Other decisions make clear that dismissal under Rule 54(b) is not for lack of appellate jurisdiction. *Holbach v. City of Minot*, 2012 ND 117, ¶ 5, 817 N.W.2d 340 ("The right of appeal in this state is statutory."); *Conway*, 345 N.W.2d at 840 (recognizing "the Legislature, and not this court, controls the right to appeal"). "Rule 54(b) pertains to finality and does not supersede statutes which control appellate jurisdiction." *Id.* at 841; *Gillan v. Saffell*, 395 N.W.2d 148, 149 (N.D. 1986) ("Rule 54(b) does not supersede statutes (such as Section 28-27-02) which control the appellate jurisdiction of this court.").

[¶15] We have long exercised authority to dismiss an appeal for failure to comply with court rules. N.D.R.App.P. 31(c), 42(b); *Aune v. City of Mandan*, 166 N.W.2d 559, 563 (N.D. 1969) (dismissal for insufficient sureties). Although we may dismiss for noncompliance with our rules, they do not expand or contract our appellate jurisdiction. N.D.R.App.P. 1(b) ("These rules do not extend or limit the jurisdiction of the supreme court.").

[¶16] We remand under N.D.R.App.P. 35(a)(3)(B) so that the district court may determine whether a Rule 54(b) certification is appropriate.

[¶17] Jon J. Jensen, C.J.
    Jerod E. Tufte
    Daniel S. El-Dweek, D.J.

**Crothers, Justice, concurring and dissenting.**

[¶18] I agree with and have signed Justice Bahr's concurrence and dissent. I write separately because the parties should not be misled into spending efforts, time and money obtaining Rule 54(b) certification when this case is not yet ripe for appeal.

[¶19] Whether this case is remanded or the appeal is dismissed, when back at the district court the parties should not seek, and the court must not grant, Rule 54(b) certification without full and rigorous consideration of the applicable test. *See Union State Bank v. Woell*, 357 N.W.2d 234, 238 (N.D. 1984) (providing a five-factor test for determining whether Rule 54(b) certification may be appropriate). As a precursor to considering Rule 54(b) certification, the parties and the court also must be mindful of our precedent when multiple disputes and claims exist between the parties, including unsupervised probates.

[¶20] In *Estate of Hollingsworth*, 2012 ND 16, ¶ 13, 809 N.W.2d 328, we dismissed the appeal. In reaching that result, we concluded an order in an unsupervised probate that determined less than all of one person's claims or disputes is not appealable without N.D.R.Civ.P. 54(b) certification because "[a]dditional proceedings are required to fully resolve these parties' interests in the estate, and further appeals are possible." *Hollingsworth,* at ¶ 11. Because of the unresolved issues, this Court held "[t]he record on appeal does not suggest that this is the 'infrequent harsh case' appropriate for Rule 54(b) certification, and therefore certification, had it been granted, would have been improvident." *Id.* at ¶ 12. *See also Brummund v. Brummund*, 2008 ND 224,

¶ 8, 758 N.W.2d 735 ("There has been no showing of circumstances that distinguish this case from any other interlocutory appeal.") (cleaned up); *Dixon v. Dixon*, 2021 ND 94, ¶ 17, 960 N.W.2d 764 ("For the same reasons, Rule 54(b) certification would be improper and we therefore do not remand for the district court to consider that step."); *Capps v. Weflen*, 2013 ND 16, ¶ 7, 826 N.W.2d 605 ("A N.D.R.Civ.P. 54(b) certification should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship.") (cleaned up).

[¶21] Like in the cases cited above, here disputes and claims persist between the parties to this appeal. The order granting partial summary judgment only determined the validity of the quit claim deed and transfer on death deed, which both relate to the home. But the order did not resolve claims about the vehicles that were held under joint tenancy because more facts are needed for resolution of the question. Also, the underlying petition claims the entire 2020 will is invalid due to a lack of capacity, undue influence, and tortious interference with inheritance. Those issues may result in more litigation involving the parties to this appeal. The record reflects that the court scheduled an evidentiary hearing for April of 2024, but that hearing has been continued due to this appeal. That continuance confirms to me that the parties' remaining claims are inextricably connected to the claims on appeal, and that any Rule 54(b) certification would be improper.

[¶22] The face of this record demonstrates any Rule 54(b) certification would be improvident due to the admitted fact that claims and disputes between the parties will continue. The unresolved disputes and claims in this case "leave[ ] open more litigation between the same litigants . . . and augers more appeals." *Estate of Hollingsworth*, 2012 ND 16, ¶ 10. Therefore, on this record any Rule 54(b) certification would be improvident and remand for that idle act should not be ordered.

[¶23] I would dismiss the appeal.

[¶24] Daniel J. Crothers

7

**Bahr, Justice, concurring and dissenting.**

[¶25] I agree with the majority's effort to explain appealability, and to clarify the jurisdictional role of N.D.C.C. § 28-27-02 and the reviewability role of N.D.R.Civ.P. 54(b). However, I respectfully dissent from the Court's decision to remand under N.D.R.App.P. 35(a)(3)(B) for the district court to determine whether Rule 54(b) certification is appropriate. I would dismiss the appeal.

[¶26] As acknowledged by the majority, "the parties did not request Rule 54(b) certification." Majority, at ¶ 12. The majority cites *Estate of Stuckle* for the proposition, "Parties in probate cases bear the duty of requesting a Rule 54(b) order or certification if they seek an appeal." 427 N.W.2d 96, 97 (N.D. 1988) (quoting *Estate of Sorensen*, 406 N.W.2d 365 (N.D. 1987)). "Upon requesting Rule 54(b) certification, the burden is upon the proponent to establish prejudice or hardship which will result if certification is denied." *Whitetail Wave LLC v. XTO Energy, Inc.*, 2022 ND 171, ¶ 6, 980 N.W.2d 200 (quoting *James Vault & Precast Co. v. B&B Hot Oil Serv., Inc.*, 2018 ND 63, ¶ 9, 908 N.W.2d 108).

[¶27] By remanding for the district court to determine whether Rule 54(b) certification is appropriate, the majority ignores that neither party requested Rule 54(b) certification or attempted to demonstrate certification was appropriate. Because neither party requested Rule 54(b) certification, the district court never analyzed the Rule 54(b) certification factors.

[¶28] In *Sickler v. Kirkwood*, 1997 ND 40, ¶ 6, 560 N.W.2d 532, we dismissed an appeal when "no party requested Rule 54(b) certification, there was no hearing on the issue, and no party demonstrated extraordinary circumstances or cognizable, unusual hardship." Despite no party requesting certification, the district court certified the partial summary judgment as final under N.D.R.Civ.P. 54(b). *Id.* at ¶ 6. Here, not only was there no request for certification, no hearing, and no showing by either party, the district court did not order Rule 54(b) certification. Thus, like in *Sickler*, we should dismiss the appeal. *See also Pinks v. Kelsch*, 2024 ND 15, ¶¶ 7, 13, 2 N.W.3d 704 (dismissing appeal when, "[i]nstead of seeking certification under Rule 54(b), Defendants appealed to this Court"); *Dixon v. Dixon*, 2021 ND 94, ¶ 17, 960 N.W.2d 764 (dismissing appeal because the appeal was taken without Rule

8

54(b) certification); *Ted J. Boutrous, L.L.C. v. Transform Operating Stores, LLC*, 2021 ND 100, ¶ 6, 960 N.W.2d 801 (dismissing appeal when the defendants did not seek Rule 54(b) certification); *Holverson v. Lundberg*, 2015 ND 225, ¶ 10, 869 N.W.2d 146 (dismissing appeal due to lack of Rule 54(b) certification); *Hurt v. Freeland*, 1997 ND 194, ¶ 1, 569 N.W.2d 266 (dismissing appeal for lack of Rule 54(b) certification)*; Gissel v. Kenmare Twp.*, 463 N.W.2d 668, 672 (N.D. 1990) (dismissing appeal when there was no Rule 54(b) certification); *Regstad v. Steffes*, 433 N.W.2d 202, 202 (N.D. 1988) ("Because no order comporting with Rule 54(b), N.D.R.Civ.P., was entered, we dismiss the appeal.").

[¶29] I recognize that decades ago this Court remanded some cases for the district court to determine Rule 54(b) certification. It generally did so due to "unusual circumstances."

[¶30] For example, in *United Hospital v. D'Annunzio*, 462 N.W.2d 652 (N.D. 1990), there was an unadjudicated claim and no Rule 54(b) certification. This Court wrote, "Therefore, ordinarily, we would dismiss this appeal." *Id.* at 653. "However," the Court noted, "there are some unusual circumstances in this case." *Id.* at 654. We explained:

> This is a sizeable claim against a public body that involves a significant procedural question common to all county and township units. The bankruptcy stay creates a likelihood of considerable delay in determination of the claim against [defendant], as well as a potential that [defendant] will be discharged from liability ultimately, making his participation in the litigation irrelevant. Therefore, we conclude that there is a need for the trial court to consider expediting this appeal, if appropriate.

*Id.* Due to the "unusual circumstances," we remanded and "respectfully suggest[ed]" the district court "expeditiously consider the appropriateness of making a Rule 54(b) certification and of directing the entry of a final judgment as to the County." *Id.*

[¶31] We also found "unusual circumstances" in *State Bank of Kenmare v. Lindberg*, 434 N.W.2d 347 (N.D. 1989), justifying remand rather than

9

dismissal. We explained that dismissal is ordinarily appropriate when there is an unadjudicated claim and no Rule 54(b) certification. "The existence of an unadjudicated counterclaim without a Rule 54(b) certification for the adjudicated foreclosure claim precludes appellate review, and we would ordinarily dismiss this appeal." *Id.* at 348. "However," we continued, "in light of the unusual circumstances of this case involving the sheriff's sale of the [defendants'] property on August 2, 1988, and the running of the redemption period while the unadjudicated claim is pending, there is a need to expedite the determination of this appeal, if appropriate." *Id.* "Accordingly, we remand[ed] the record but retain[ed] jurisdiction of this appeal pursuant to Rule 35(b), N.D.R.App.P. [now N.D.R.App.P. 35(a)(3)(B)], and we respectfully request[ed] the district court to expeditiously consider the propriety of issuing a Rule 54(b) order." *Id.*

[¶32] *Kouba v. Febco, Inc.*, 1998 ND 171, 583 N.W.2d 810, involved an unadjudicated counterclaim. However, during oral arguments, defendants' counsel acknowledged the counterclaim had not been dismissed, but that defendants did not want to pursue it. *Id.* at ¶ 6. Stating the Court could "visualize no extraordinary reasons that could justify a Rule 54(b) certification," the Court wrote, "Still, from the statements of defendants' counsel at oral argument, we understand [defendants] do not plan to pursue their counterclaim against [plaintiff]." *Id.* at ¶¶ 9-10. Due to defense counsel's representation, the Court remanded "with instructions that the parties promptly dispose of the counterclaim and cause a final judgment to be entered, while we temporarily retain jurisdiction on appeal under N.D.R.App.P. 35(b) [now N.D.R.App.P. 35(a)(3)(B)]." *Id.* at ¶ 11. If the parties did "not cause a final judgment to be entered within 10 days of the date of this opinion, and promptly file it with the Clerk of this Court, we direct[ed] this appeal be entirely dismissed and the case remanded for trial of the counterclaim." *Id.*; *see also Courchene v. Delaney Distrib., Inc.*, 418 N.W.2d 781, 781-82 (N.D. 1988) (remanding so the court could expeditiously consider the propriety of issuing a Rule 54(b) order when the court's judgment did not dispose of a cross-claim).

[¶33] Ordinarily, when there are unadjudicated claims and no Rule 54(b) certification, we would dismiss the appeal. *D'Annunzio*, 462 N.W.2d at 653;

10

*Lindberg*, 434 N.W.2d at 348. The majority does not identify any "unusual circumstances" justifying remand instead of dismissal. This case does not involve a question of public interest, and there is no bankruptcy or other action causing considerable delay or potentially mooting the pending issues. *D'Annunzio*, at 654. The parties have not represented the remaining issues will be withdrawn. *Kouba*, 1998 ND 171, ¶ 10. And there is no indication this matter needs to be resolved expeditiously. *Lindberg*, at 348. To the contrary, the case was set for an evidentiary hearing when Thorson appealed. Majority, at ¶ 4.

[¶34] I also oppose retaining jurisdiction and remanding the case to the district court to make an initial determination of Rule 54(b) certification because doing so appears to assume the district court will grant Rule 54(b) certification. A denial of Rule 54(b) certification is not appealable. *Makuc v. Am. Honda Motor Co.*, 692 F.2d 172, 173-74 (1st Cir. 1982) (holding "the denial of a Rule 54(b) motion is not generally appealable[,]" explaining an order denying a Rule 54(b) motion "is obviously interlocutory and thus not subject to review itself[,]" and that "allowing appellate review of the denial of a 54(b) motion would go a long way towards enshrining piecemeal review, the very opposite of the policy the rule is intended to support"); *see also Myers v. Bucca*, 671 F. App'x 9, 10 (2d Cir. 2016) (stating the denial of a Rule 54(b) certification motion "would not itself be a final judgment subject to appeal"); *Lewis v. Sheriff's Dep't Bossier Par.*, 478 F. App'x 809, 814 (5th Cir. 2012) (holding "the denial of a motion for a Rule 54(b) judgment is not appealable" after citing cases "repeatedly" holding the denial of a Rule 54(b) certification is not appealable); *McCall v. Deeds*, 849 F.2d 1259 (9th Cir. 1988) (granting motion to dismiss because "the denial of Rule 54(b) certification is not appealable"). Thus, the only reason for this Court to retain jurisdiction is if it presumes there will be an order granting Rule 54(b) certification to review. If the district court denies Rule 54(b) certification, this Court would have retained jurisdiction, but there would be no appealable order to review. Thus, by retaining jurisdiction, the majority appears to presuppose the district court will order Rule 54(b) certification.

[¶35] Because I do not believe there are "unusual circumstances" justifying remand, I would dismiss the appeal.

11

[¶36] Daniel J. Crothers

Douglas A. Bahr

[¶37] The Honorable Daniel S. El-Dweek, District Judge, sitting in place of McEvers, J., disqualified.