# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 57

In the Matter of the Estate of James D. Kautzman, Deceased,

| | |
|---|---|
| Kim Kautzman, Personal Representative, | Petitioner and Appellee |
| v. | |
| Paul Kautzman, | Respondent and Appellant |
| and | |
| Arlene Arterberrty, Wesley Kautzman, | |
| Kenneth Berger, Robert Kautzman, Lydia Carr, | |
| Ann Marie Myers, Rita Becker, Anthony Berger, | |
| Melvin Berger, Robert Berger, Rose Berger, | |
| John Kautzman, Loretta Lippert, Linda Oberg, | |
| Delores Persson and Connie Brown, | Respondents |

## No. 20240256

Appeal from the District Court of Cass County, East Judicial District, the Honorable Stephanie R. Hayden, Judge.

DISMISSED.

Opinion of the Court by Jensen, Chief Justice.

Matthew D. Kirschenmann, Fargo, ND, for petitioner and appellee; submitted on brief.

Jonathan T. Garaas, Fargo, ND, for respondent and appellant.

**Jensen, Chief Justice.**

[¶1]   Paul Kautzman appeals from a district court's order granting a petition for formal probate, granting the emergency appointment of special administrator, and ordering the disqualification of his attorney. We dismiss the appeal.

I

[¶2]   James Kautzman executed a Last Will and Testament in 2012 ("2012 Will"). As alleged by Kim Kautzman, in October 2023, Paul Kautzman and his attorney, Jonathan Garaas, went to visit James Kautzman while he was in the hospital. Garaas had not previously represented James Kautzman. Kim Kautzman asserts that when Paul Kautzman and Garaas arrived at the hospital, she and other members of the Kautzman family were present in James Kautzman's room. She contends that Paul Kautzman and Garaas asked the other family members to leave, asserting they had "some papers to sign." Garaas refused to answer questions about the papers.

[¶3]   Kim Kautzman represented to the district court that she informed Garaas she was James Kautzman's attorney-in-fact and she asked James Kautzman if he remembered his 2012 Will. Kim Kautzman contends James Kautzman indicated he did not remember the 2012 Will, in response to which she then informed James Kautzman that pursuant to his 2012 Will, half of his estate would go to his siblings and the other half to his late wife's siblings. Kim Kautzman asserts that following her comment about the 2012 Will, Paul Kautzman stated "[w]e're going to change all that stuff." Kim Kautzman also alleges that she reminded Paul Kautzman that he owed money to James Kautzman with the hope that the reminder would alert Garaas to the conflict of interest of making any changes to James Kautzman's 2012 Will.

[¶4]   During the meeting with Paul Kautzman and Garaas, James Kautzman signed a document titled Last Will and Testament ("2023 Will"). If enforceable, the 2023 Will leaves James Kautzman's entire estate to Paul Kautzman and

appoints Paul Kautzman to be the personal representative of the estate. James Kautzman passed away in April 2024.

[¶5]   In April 2024, Kim Kautzman filed a petition for formal probate of the 2012 Will and appointment of a personal representative (collectively referred to as the "formal petition"). An initial hearing was set for May 2024 and notice was served on the parties via U.S. mail. However, two of the parties did not receive the notice. Paul Kautzman filed an application for informal probate of the 2023 Will along with a response to the formal petition.

[¶6]   In May 2024, Kim Kautzman and other family members filed an emergency petition for the appointment of a special administrator, a notice of motion and motion to disqualify Garaas, and ten objections to the petition for informal probate of the 2023 Will. An initial hearing on the formal petition was held and the district court ordered the parties to file post-hearing briefs to outline the issues before the court.

[¶7]   A second hearing date was set for June 2024 to address the notice issues. A service of notice of the new hearing was served on all of the parties and published for three consecutive weeks. The second hearing was limited to the discussion of the information addressed in the post-hearing briefs filed after the first hearing.

[¶8]   In September 2024, the district court issued an order on petition for formal probate, petition for emergency appointment of special administrator, and motion to disqualify. In the order, the court concluded it had jurisdiction over Kim Kautzman's formal petition, that the matter would proceed as a formal probate, and noted the need for an evidentiary hearing. The court also granted Kim Kautzman's petition for emergency appointment of her as interim special administrator and her motion to disqualify Garaas from further representation of Paul Kautzman in the proceedings. Paul Kautzman filed a notice of appeal from the order.

[¶9]   Paul Kautzman's notice of appeal was filed on his behalf by Garaas. The personal representative, although requesting the district court's order disqualifying Garaas be affirmed, has not raised an issue regarding whether

2

Garaas had authority to file a notice of appeal, provide representation to Paul Kautzman on appeal, or personally appear to challenge the disqualification order. While we decline to resolve these issues on this appeal without full briefing, Garaas's participation in this appeal is not recognition of any authority for him to provide representation to Paul Kautzman in proceedings before this Court or the district court, and the district court's order remains in effect and may be enforced in all subsequent proceedings before this Court or the district court.

II

[¶10] Before addressing the issues raised by Paul Kautzman on appeal, we must first consider whether this Court has appellate jurisdiction. Kim Kautzman argues that because the district court concluded that formal probate proceedings were appropriate and issues remain unresolved in the district court without certification under N.D.R.Civ.P. 54(b), this appeal should be dismissed.

[¶11] This Court recently addressed the appealability of orders issued in formal, unsupervised, probate proceedings that adjudicate fewer than all claims:

> Our cases articulate a two-step analysis to determine whether an order is appealable. First, for this Court to have appellate jurisdiction, the order being appealed must meet statutory criteria for appealability. Second, for this Court to consider the appeal at this time, we have said we generally will not consider an appeal of an order adjudicating fewer than all claims or parties unless the requirements of N.D.R.Civ.P. 54(b) have been satisfied.

*In re Est. of Kish*, 2024 ND 76, ¶ 6, 5 N.W.3d 814 (cleaned up).

[¶12] Section 28-27-02, N.D.C.C., provides the criteria to determine what orders are appealable. *Est. of Kish*, 2024 ND 76, ¶ 7. Under N.D.C.C. § 28-27-02(1) and (5), this Court has appellate jurisdiction if the Order is "(1) 'An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken' or (5) 'An order which involves the merits of an action or some part thereof.'" *Id*. "An order is not appealable under § 28-27-02(5) unless, in effect, it finally determines some

3

substantive legal right of appellant or is dispositive of a substantive issue." *Id*. ¶ 9 (quoting *Gonzalez v. Perales*, 2023 ND 145, ¶ 10, 994 N.W.2d 183). However, "an order that does not decide a question or determine the rights of the parties in the controversy but merely directs that the case proceed to trial is not appealable under this provision." *Id*.

[¶13] When fewer than all of the pending claims have been resolved in the district court, the requirements of N.D.R.Civ.P. 54(b) must also be satisfied. Rule 54(b), N.D.R.Civ.P., permits appeals from judgments which determine all claims to discourage piecemeal litigation "except where the trial court for cogent reasons has expressly determined that there is no just reason for delay and expressly directs entry of judgment as to one or more but fewer than all the claims." *Est. of Kish,* 2024 ND 76, ¶ 11 (quoting *Berg v. Kremers*, 154 N.W.2d 911, 913 (N.D. 1967)). "It does not negate the right to appeal but whether an appeal from a piecemeal adjudication must wait final disposition is left to the district court's discretion." *Id*. (quoting *Berg*, at 913).

[¶14] The parties in a probate case bear the duty of requesting a Rule 54(b) certification. *Est. of Kish*, 2024 ND 76, ¶ 12. Upon such a request, the district court "reserve[s] granting certification for 'cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship.'" *Id*. ¶ 11 (quoting *Capps v. Weflen*, 2013 ND 16, ¶ 7, 826 N.W.2d 605). However, when an appellant fails to obtain Rule 54(b) certification, this Court may "retain jurisdiction and remand to the district court to consider in the first instance whether Rule 54(b) certification is appropriate." *Id*. ¶¶ 12, 14.

[¶15] The district court's order determined Kim Kautzman's formal petition was proper, granted her petition for appointment of interim special administrator, and granted her motion to disqualify Garaas. The order also directed the parties to proceed with formal probate proceedings, including a scheduling conference and an evidentiary hearing. Regardless of whether this Court finds that the order falls within the scope of N.D.C.C. § 28-27-02 appealable matters, the requirements of N.D.R.Civ.P. 54(b) were not considered. *See generally Est. of Kish*, 2024 ND 76, ¶¶ 12, 14 (Crothers, J., and Bahr, J., concurring and dissenting)

4

(noting the limitations on the use of N.D.R.Civ.P. 54(b)). Therefore, we conclude dismissal of the appeal is appropriate.

## III

[¶16] The proceedings pending in the district court are within the scope of formal probate proceedings and claims remain unresolved in the district court. We dismiss the appeal.

[¶17] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr