# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 111

Christopher James Gum,                                Plaintiff and Appellant

v.

Muddy Boyz Drywall LLC,                                Defendant and Appellee

## No. 20250045

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Constance L. Cleveland, Judge.

DISMISSED.

Opinion of the Court by Bahr, Justice.

Christopher J. Gum, Bismarck, ND, plaintiff and appellant; submitted on brief.

Elliot J. Stoll and Kendra E. Olson, Detroit Lakes, MN, for defendant and appellee; submitted on brief.

# Gum v. Muddy Boyz Drywall
## No. 20250045

**Bahr, Justice.**

[¶1]   Christopher Gum appeals from a district court judgment granting Muddy Boyz Drywall LLC's ("Muddy Boyz") motion for summary judgment and dismissing Gum's claims. On appeal, Gum argues there were genuine issues of material fact precluding summary judgment. We conclude we lack jurisdiction of the appeal because the district court has not entered a final judgment resolving all the parties' claims. We dismiss the appeal.

I

[¶2]   In May 2024, Gum filed a complaint against Muddy Boyz. Muddy Boyz filed an answer and counterclaims for conversion, breach of contract, fraud, and trespass. Muddy Boyz later moved for summary judgment requesting Gum's claims be dismissed with prejudice. After briefing, the district court granted Muddy Boyz's motion and entered judgment dismissing Gum's claims on the merits.

II

[¶3]   "Before we consider the merits of an appeal, we must have jurisdiction." *Kaspari v. Kaspari*, 2023 ND 207, ¶ 4, 997 N.W.2d 621 (quoting *Hoffarth v. Hoffarth*, 2020 ND 218, ¶ 5, 949 N.W.2d 824). "Although neither party raised the issue of jurisdiction, this Court has the duty to dismiss an appeal on its own if we conclude the attempted appeal fails for lack of jurisdiction." *Id.*

[¶4]   "The right to appeal in this State is governed solely by statute." *Sanderson v. Walsh Cnty.*, 2006 ND 83, ¶ 5, 712 N.W.2d 842. Under N.D.C.C. § 28-27-01, a judgment or order in a civil action "in any of the district courts may be removed to the supreme court by appeal as provided in [N.D.C.C. ch. 28-27]." "A final judgment, or the equivalent under N.D.R.Civ.P. 54(b), is necessary for appealability." *Higgins v. Lund*, 2025 ND 47, ¶ 8, 17 N.W.3d 828; *see also Matter of Est. of Kautzman*, 2025 ND 57, ¶ 13, 19 N.W.3d 272 ("When fewer than all of the pending claims have been resolved in the district court, the requirements of

1

N.D.R.Civ.P. 54(b) must also be satisfied."). "Rule 54(b) creates additional requirements by which we enforce our long-standing doctrine against piecemeal appeals." *Matter of Est. of Kish,* 2024 ND 76, ¶ 11, 5 N.W.3d 814. Under Rule 54(b), appeals are only permitted from judgments which determine all claims unless the district court "for cogent reasons has expressly determined that there is no just reason for delay and expressly directs entry of judgment as to one or more but fewer than all the claims." *Id.* (quoting *Berg v. Kremers*, 154 N.W.2d 911, 913 (N.D. 1967)). Generally, this Court will not consider an appeal that disposes of fewer than all the claims against all the parties absent Rule 54(b) certification. *Morales v. Weatherford U.S., L.P.*, 2024 ND 81, ¶ 21, 6 N.W.3d 657.

[¶5]   The district court's judgment granted Muddy Boyz's motion for summary judgment and dismissed all of Gum's claims against Muddy Boyz on the merits. Muddy Boyz did not request summary judgment on its counterclaims, and the court's judgment does not dispose of Muddy Boyz's counterclaims. Additionally, the parties did not request, and the court did not enter, certification under N.D.R.Civ.P. 54(b). "Lacking a final judgment or proper N.D.R.Civ.P. 54(b) certification, there is no right to appeal." *Garaas as Co-Trs. of Barbara Susan Garaas Fam. Tr. v. Cont'l Res., Inc.*, 2024 ND 68, ¶ 7, 5 N.W.3d 783.

III

[¶6]   We conclude the judgment is not final for purposes of our appellate jurisdiction. We dismiss the appeal.

[¶7]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr

2